**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4623**

───────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

SANTOS NEFTALI MONTES SEVILLA,

       Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:12-cr-00228-HMH-1)

───────────

Submitted:  December 14, 2012     Decided:  January 10, 2013

───────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Max B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santos Neftali Montes Sevilla ("Montes Sevilla) pled guilty to one count of unlawfully entering the country after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to twenty-seven months' imprisonment, the low end of the properly calculated Guidelines. On appeal, Montes Sevilla contends the district court committed procedural error by not adequately explaining the sentence. We affirm.

This court reviews a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-

2

discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

A sentencing court has the obligation to provide an individualized explanation for the sentence imposed. However, it need not go through every subsection in 18 U.S.C. § 3553(a), "particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). In fashioning a sentence, the district court is instructed to allow the parties "to argue for what they believe to be an appropriate sentence and consider those arguments in light of the" § 3553(a) sentencing factors. United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010). The court is statutorily required to state its reasons for imposing a particular sentence. It must provide enough information to show the appellate court that it considered the parties' arguments and that it has a reasoned basis for exercising its own authority. Id.

At sentencing, Montes Sevilla's counsel noted the Appellant's age when he committed the predicate felony offense

3

and that he will be deported once he has finished serving his sentence. However, counsel never requested a particular sentence, much less a sentence below the Guidelines.

Even if the district court did not give a sufficient explanation for the sentence imposed, as is argued in this case, this court does not need to vacate the sentence. To preserve a challenge for this type of procedural error, counsel must make arguments based in § 3553(a) "*for a sentence different than the one ultimately imposed.*" Powell, 650 F.3d at 395 (internal quotation marks omitted).

Because Montes Sevilla did not argue for a sentence different than the one imposed, review is for plain error. See id. at 395. In order to meet this standard, Montes Sevilla must show that, "absent the error, a different sentence might have been imposed." United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010). He has failed to do that. There is nothing in the record to suggest that even if the court erred by not giving a fuller explanation of the sentence, that absent the error, Montes Sevilla would have received a different sentence.

Accordingly, because Montes Sevilla failed to establish plain error, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED